UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEASIDE CIVIC LEAGUE, INC., and DEL MONTE MANOR, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and SHAUN DONOVAN, in his official capacity as Secretary of United States Department of Housing and Urban Development<br><br>Defendants. | Case No. C-14-1823-RMW<br><br>**ORDER RE: EVIDENTIARY HEARING; DISMISSING CASE PURSUANT TO NOTICE OF VOLUNTARY DISMISSAL**<br><br>[Re: Docket Nos. 52, 65] |

An evidentiary hearing was held in this case on Tuesday, October 7, 2014 to determine who has standing to pursue (or dismiss) the pending action purportedly brought by the Seaside Civic League, Inc. ("Seaside Civic League") and Del Monte Manor, Inc. ("DMM"). *See* Dkt. No. 65. The court held the evidentiary hearing to resolve two subsidiary questions: (1) whether several new Seaside Civic League board members were properly appointed, and (2) whether Kathleen Clack or Richard Glenn is the attorney for Seaside Civic League. *Id*. The court finds that the new Seaside Civic League board members were properly appointed, and that because Kathleen Clack was subsequently dismissed as counsel for plaintiffs, she is not authorized to pursue this matter on behalf

of the Seaside Civic League and DMM. Accordingly, the court dismisses the action pursuant to plaintiffs' Rule 41(a)(1)(A)(i) notice of voluntary dismissal.[1]

# I. BACKGROUND

## A. The Current Litigation

This case arises out of a dispute between DMM and HUD over subsidies paid by HUD to Section 8 housing facilities. The court's May 23, 2014 order denying plaintiff's motion for a preliminary injunction describes in detail the origins of the dispute. *See* Dkt No. 22, at 2–3.

DMM filed the instant action through its counsel Kathleen Clack on April 21, 2014 against the United States Department of Housing and Urban Development ("HUD") and Shaun Donovan, secretary of HUD. *See* Dkt. No 1. In its complaint, DMM alleged seven causes of action: breach of contract, interference with contract, "statutory violations," violation of due process, violation of equal protection, "violation of civil rights," and "abuse of power." *Id*. Along with its complaint, DMM filed for a temporary restraining order, a preliminary injunction, and a permanent injunction. *See* Dkt. Nos. 2-4. On April 22, 2014, the court denied DMM's application for a temporary restraining order without prejudice. Dkt. No. 10. The next day, DMM re-filed for a temporary restraining order, which the court denied, requiring notice to be given to defendants. Dkt. No. 12. After holding a hearing on the matter, on May 23, 2014 the court denied DMM's request for a preliminary injunction, finding that DMM had failed to show irreparable harm would result absent an injunction, and that the public interest weighed against such an injunction. Dkt. No. 22.

On June 15, 2014 DMM filed a first amended complaint ("FAC"). Dkt. No. 25. The FAC alleges three claims for relief: (1) failure to make subsidy payments to DMM in amounts required by the United States Housing Act of 1937, 42 U.S.C. § 1437; (2) Racial discrimination, disparate treatment of minorities, improper demands and threats, and failure to provide DMM with notice and due process in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and Amendments Five and Fourteen of the U.S. Constitution; and (3) requiring DMM to charge rents at its unsubsidized units which were lower than the available market rate, in violation of the Fifth Amendment's prohibition on the taking of private property without just compensation. *Id*. On

---

[1] In light of this order and plaintiffs' voluntary dismissal of this case, all other pending motions are moot. Dkt. Nos. 4, 32, 40, 44, 47.

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB

- 2 -

1   August 5, 2014 HUD moved to dismiss the FAC. Dkt. No. 32. DMM filed an opposition on August
2   20, 2014. Dkt. No. 35. Also on August 20, 2014 DMM filed a motion for leave to file a second
3   amended complaint ("SAC"). Dkt. Nos. 40, 37. DMM then moved on August 29, 2014 to join
4   various indispensable parties, including several former and current Seaside Civic League board
5   members, the City of Seaside, the Seaside City Manager and Deputy City Manager, the Seaside
6   Police Department, and several Seaside police officers. *See* Dkt. No. 44. On September 2, DMM
7   moved to amend the SAC. Dkt. No 46. The amended SAC contains several additional claims,
8   including constitutional violations under the Fourth, Fifth, and Fourteenth Amendments, statutory
9   violations under 42 U.S.C. §§ 1981, 1982, 1985(2), as well as common law tort claims for tortious
10  interference, conversion, fraud, gross negligence, and trespass. *Id*.

11  On September 5, 2014 several tenants at Del Monte Manor moved to intervene as party
12  defendants. Dkt. No. 47. HUD filed a reply in support of its motion to dismiss the FAC, an
13  opposition to DMM's motion for leave to file the SAC, and a response to DMM's motion to join
14  additional parties on September 12, 2014. Dkt No. 53. On September 18, 2014 HUD filed a
15  statement of non-opposition to the tenants' motion to intervene. Dkt. No. 61. On September 19,
16  DMM filed a reply in support of its motions for leave to file the SAC and to join additional parties.
17  Dkt. No. 64.

18  The issue now before the court concerns plaintiffs' representation in this matter. As is
19  discussed in the following section, in August, 2014 Richard Glenn was hired as counsel for Seaside
20  Civic League and DMM. On September 8, 2014, Mr. Glenn filed a notice of appearance as counsel
21  for DMM and Seaside Civic League. Dkt. No. 48. Mr. Glenn also filed a notice of voluntary
22  dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure on behalf of DMM
23  and Seaside Civic League. *See* Dkt. No. 52.

24  **B. The August 11, 2014 Meeting of the Seaside Civic League Board of Directors**

25  The dispute over DMM's representation centers on the August 11, 2014 Seaside Civic
26  League board meeting, at which Ms. Clack was dismissed as counsel for DMM and Mr. Glenn
27  retained.[2]

28  ---
[2] It is unclear from the record and the representations of the parties exactly whether the Seaside Civic League and DMM boards must be composed of the same individuals, whether they must

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW EDB
- 3 -

The Seaside Civic League has six members, all of which are local civic organizations and churches. Dkt. No. 56 ("Seaside Civic League bylaws"), Art. III, § 1. The current members of the Seaside Civic League are: (1) the Seaside Chamber of Commerce; (2) the Seaside Lions Club; (3) the Seaside Rotary Club; (4) the Seaside Kiwanis Club; (5) Ocean View Baptist Church; and (6) Greater Victory Temple Church. *See* Dkt. No. 68 ("Glenn Brief"), at 5. The Seaside Civic League articles and bylaws provide that the member organizations will each appoint one director to serve on the Seaside Civic League board of directors. Seaside Civic League bylaws, Art. III, § 2. Del Monte Manor's bylaws provide that its directors are to be selected from the directors or members of the Seaside Civic League. Dkt. No 57, at ECF p. 22–26. Although Seaside Civic League and Del Monte Manor are separate California non-profit corporations and Del Monte Manor is subordinate to the Seaside Civic League, several witnesses testified at the evidentiary hearing that the same individuals have historically served as directors of both corporations.

On August 7, 2014 three Seaside Civic League directors called a special meeting of the Seaside Civic League board to be held on August 11, 2014. Dkt. No. 67, Ex. 1, at ECF p. 2. The meeting was called by: (1) Monica Mapp, appointed by the Seaside Chamber of Commerce; (2) Wayne Dalton, appointed by the Seaside Rotary Club; and (3) Cyndi Dorsey, appointed by the Seaside Kiwanis Club. *Id*. Present at the August 11 meeting were five directors appointed by the member organizations and one non-participating observer sent in the place of Norah Saffold, the director appointed by Greater Victory Temple Church. Dkt. No. 67, Ex. 3, at ECF p. 11–12. At the meeting, three individuals presented written authorizations for appointment to the Seaside Civic League board and were seated as new directors. *Id*. The board also elected officers, and appointed three Seaside Civic League officers—Rick Medina, Cyndi Dorsey, and Jim Vossen—to serve as the three members of the DMM board. *Id*.

---

differ, and if so, how. At the October 7, 2014 evidentiary hearing, Ms. Clack and Mr. Glenn agreed that the same individuals serve on both boards. What is clear is that at the August 11 Seaside Civic League meeting, the Seaside Civic League board elected three of its directors to serve as officers of the Seaside Civic League board, and resolved that these three directors would serve as the DMM board. See Dkt. No. 46, Ex. 3, at ECF p. 12. Ms. Clack argued at the evidentiary hearing that this amounted to an improper structural change to the DMM board, but the propriety of the actions of the Seaside Civic League board aside from the dismissal of Ms. Clack as DMM counsel are not before this court.

### C. Seaside Civic League and DMM Representation in the Current Litigation

On August 12, 2014 the newly constituted DMM board held a special meeting, at which the board hired Richard Glenn as general counsel for DMM.[3] *See* Dkt. No. 67, Ex. 5, at ECF p. 26. Newly-elected Seaside Civic League and DMM President Rick Medina sent Ms. Clack a letter dated the same day requesting a copy of Ms. Clack's legal services agreement, and directing Ms. Clack to have no communication of any kind regarding the instant litigation with any individual other than Medina himself. Dkt. No. 67, Ex. 6, at ECF p. 30. Mr. Madina and Mr. Glenn received no response. Glenn Brief, at 4. The following day, August 13, 2014, Ms. Clack filed a state court action against all Seaside Civic League, Inc. board members, with the exception of Norah Saffold, seeking declaratory and injunctive relief. *See* Dkt. No. 67, Ex. 7, at ECF p. 35.

On August 15, 2014, at the direction of Mr. Medina, Mr. Glenn, as general counsel for DMM, sent Ms. Clack a letter terminating her representation of both Seaside Civic League and DMM and requesting an accounting of funds received and expended on behalf of DMM and Seaside Civic League, billing statements, and related documents. Dkt. No. 67, Ex. 8, at ECF p. 43; *see also* Glenn Brief, at 4. Mr. Glenn's letter also directed Ms. Clack not to act in any manner with respect to the instant litigation and to provide Mr. Glenn with a substitution of attorney form. Dkt. No. 67, Ex. 8, at ECF p. 43.

Mr. Glenn subsequently filed a notice of voluntary dismissal in this case on behalf of DMM and Seaside Civic League. *See* Dkt. No. 52. Ms. Clack disputes Mr. Glenn's status as counsel for DMM and Seaside Civic League, alleging various improprieties and defects in the procedure by which she was dismissed and Mr. Glenn was hired, and seeks to continue the instant action. *See* Dkt. No. 54, at 2–9.

The court held an evidentiary hearing for October 7, 2014 to resolve the question of DMM's representation. Mr. Glenn and Ms. Clack both filed briefs in advance of the hearing. Dkt. Nos. 68, 69 ("Clack Brief").

---

[3] The Seaside Civic League board hired Mr. Glenn as general counsel for Seaside Civic League several days later at the regular meeting on August 21, 2014. *See* Dkt. No. 67, Ex. 5, at ECF p. 27.

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB
- 5 -

## II. ANALYSIS

Whether Mr. Glenn is authorized to dismiss this case on behalf of Seaside Civic League and DMM pursuant to his notice of voluntary dismissal depends on the identity of counsel representing Seaside Civic League and DMM in this action. Mr. Glenn has introduced board resolutions authorizing his hiring, and letters documenting Ms. Clack's dismissal. *See* Dkt. No. 67, Exs. 5, 6, 8, at ECF p. 25–32, 42–44. However, Ms. Clack contests Mr. Glenn's authority to represent plaintiffs in this case by challenging several appointments and corporate acts that preceded and led to her dismissal. Specifically, Ms. Clack disputes the replacement of several Seaside Civic League directors by their designating member organizations, and the calling of a special meeting at which several new directors were seated.[4] Clack Brief, at 2–4. For the reasons discussed below, the court finds Ms. Clack was dismissed by the Seaside Civic League board, and that consequently she is not authorized to pursue this case on behalf of either corporation.

### A. Appointments to the Seaside Civic League Board

Ms. Clack was fired by Mr. Glenn following his retention as general counsel for Seaside Civic League and DMM. Dkt. No. 67, Ex. 8, at ECF p. 43. Ms. Clack argues that board resolutions hiring Mr. Glenn are void because several directors on the board at the time of Mr. Glenn's hiring had not been "elected and qualified" by the sitting board, and were therefore not proper directors. Clack Brief, at 2–4. The result, according to Ms. Clack, is that her dismissal was ineffective. *Id.* The court must therefore first address the question of appointment to the Seaside Civic League board.

California Corporations Code § 5220 contains provisions regarding the terms of office, election, designation, and selection of directors of nonprofit public benefit corporations. Ms. Clack focuses her argument on § 5220(b),[5] which provides that ". . . each director, including a director

---

[4] Ms. Clack also challenges many actions taken by the newly-constituted Seaside Civic League board, such as their appointment of new officers to serve as the board for DMM, as well as their decision to dismiss this lawsuit. Clack Brief, at 5–6. However, none of these actions are before this court. Because the court resolves that Ms. Clack was properly dismissed by the Seaside Civic League board and no longer represents plaintiffs in this matter, she has no authority to prosecute the suit on behalf of the plaintiffs, nor does she herself have standing to do so. The court notes that Ms. Clack and aggrieved former directors may find recourse in state court by bringing, for example, a derivative action under Cal. Corp. Code § 5710.

[5] Ms. Clack also cites Article IV of the Del Monte Manor articles of incorporation, but this provision, in addition to being relevant only for the DMM board and not the Seaside Civic League board, relates to the process for electing and length of terms for *officers* of the corporation, not directors. *See* Dkt. No. 57, at ECF p. 31.

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB
- 6 -

1  elected to fill a vacancy, shall hold office until the expiration of the term *for which elected* and until

2  a successor has been elected and qualified, unless the director has been removed from office." Cal.

3  Corp. Code § 5220(b) (emphasis added). However, reading § 5220(b) together with the remainder

4  of § 5220 makes clear that that the election and qualification requirements in § 5220(b) apply only

5  in the case of *elected* directors, rather than designated directors such as the directors of the Seaside

6  Civic League.

7  As § 5220(b) details the process by which an *elected* director's terms expires and he or she is

8  replaced, it should be read in light of the preceding subdivision, § 5220(a), which governs the length

9  of terms to which directors may be elected: "*[e]xcept as provided in subdivision (d)*, directors shall

10  be elected for the terms, not longer than four years, as are fixed in the articles or bylaws." In

11  contrast to §§ 5220(a) and (b), which govern the terms of office and expiration of such terms in the

12  case of an elected director, § 5220(d) provides different rules for *designated* directors. Section

13  5520(d) reads, in relevant part:

> Subdivisions (a) through (c) notwithstanding, all or any portion of the directors authorized in the articles or bylaws of a corporation may hold office by virtue of designation or selection by a specified designator as provided by the articles or bylaws rather than by election. Such directors shall continue in office for the term prescribed by the governing article or bylaw provision, or, if there is no term prescribed, until the governing article or bylaw provision is duly amended or repealed . . . .

Cal. Corp. Code § 5220(d). Accordingly, where a director is designated (or appointed) rather than elected, the director serves not until a successor is elected and qualified, but rather "for the term prescribed by the governing article or bylaw provision, or, if there is no term prescribed, until the governing article or bylaw provision is duly amended or repealed." Cal. Corp. Code § 5220(d). As a result, where, as here, a corporation's bylaws and articles provide for designation of directors without providing a term of office, designated directors serve until the governing provision is amended or repealed.

While a designated director may be appointed to serve what is effectively an indefinite term so long as the bylaws do not specify otherwise, the Corporations Code contains provisions for their removal, with or without cause. *See* Cal. Corp. Code § 5222. In support of her argument that directors may not be removed by their designating organization until their terms expire, Ms. Clack

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB
- 7 -

Case 5:14-cv-01823-RMW   Document 73   Filed 10/15/14   Page 8 of 12

cites § 5222(d),[6] which provides that "[e]xcept as provided in this section . . . a director may not be removed prior to the expiration of the director's term of office." Clack Brief, at 5. However, subdivision (d) must be read in light of subdivision (f), which provides an exception in the case of designated directors:

> "If by the provisions of the articles or bylaws a designator is entitled to designate one or more directors, then: (1) Unless otherwise provided in the articles or bylaws at the time of designation, any director so designated may be removed without cause by the designator of that director."

Cal. Civ. Code § 5222(f); *see also Am. Ctr. for Educ., Inc. v. Cavnar*, 80 Cal. App. 3d 476, 492–93 (Ct. App. 1978) ("As a general rule, the power to remove either a director or a corporate officer is incidental to the power to appoint or elect.") (citing *Stott v. Stott Realty Co.*, 246 Mich. 267 (1929); Annot., Power of Directors of Private Corporation to Remove Officers or Fellow Directors (1929) 63 A.L.R. 776, 776–777; 19 Am.Jur.2d, Corporations, § 1105, at 545). The Seaside Civic League bylaws provide only that each member organization may appoint one representative to the board, and contain no provisions regarding the removal of directors. *See* Seaside Civic League bylaws, Art. III, § 2. Section 5222(f) therefore applies, and empowers the member organizations to remove and appoint directors as they see fit.

The remainder of Ms. Clack's citations in support of her argument—that member organizations may not appoint and remove designated directors at will—are to sections of the California Corporations Code that do not apply to this case. See Clack Brief, at 5, 6. First, § 5341 is relevant to the termination of *members*, not directors. *See* Cal. Corp. Code § 5341(a) ("No member may be expelled or suspended, and no membership or membership rights may be terminated or suspended, except according to procedures satisfying the requirements of this section."). Second, § 5224(a) provides that board vacancies *may* be filled by approval of the board, except for, as here, a vacancy created by the removal of a director. Cal. Civ. Code § 5224(a). Where a director vacancy is the result of director removal, the board may fill the vacancy only if the bylaws provide the board

---

[6] Ms. Clack citation is to § 7222(d), which is essentially identical to § 5222(d), but applies to nonprofit mutual benefit corporations, rather than nonprofit public benefit corporations. In any event, neither section is applicable here.

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB
- 8 -

with such authority. *Id*. Because the Seaside Civic League bylaws provide the board with no such authority, § 5224 is inapplicable under the facts of this case.

Lastly, the court notes that all the testimony Ms. Clack elicited at the October 7, 2014 evidentiary hearing appeared designed to show that the Seaside Civic League board had for some time followed the custom of voting in new directors. [7] However, Ms. Clack introduced no testimony nor provided any argument which would explain why this evidence should trump both corporate bylaws and California law. In certain circumstances custom may be evidence that a bylaw was adopted or amended, but such a claim has not been made in this case. *See* 8 Fletcher Cyc. Corp. § 4180 ("[A]mendments may also be proven by proof of custom or usage or by implication."). No testimony was given at the evidentiary hearing which would suggest that the Seaside Civic League board's practice of voting on new directors was a formally adopted practice, rather than a nonbinding custom. While custom may be used to show that a bylaw was adopted or amended, bylaws may not be adopted by custom. *See Powers v. Marine Engineers' Beneficial Ass'n, No. 35*, 52 Cal. App. 551, 555 (1921) ("There are a few cases which hold that a by-law may be proved by implication and by custom; but [none] which goes to the length of holding that a by-law may be created or adopted by usage. . . ."); *see also* 8 Fletcher Cyc. Corp. § 4180 n.5. Ultimately, Ms. Clack has provided the court no reason to find that the procedures set forth in the corporations' bylaws and in the California Corporations Code do not apply to the appointment of directors to Seaside Civic League.

Having established that each member organization has essentially unfettered discretion under the Seaside Civic League bylaws to appoint and remove its designated director, the court turns to the specific appointments at issue in this case and the calling of the August 11, 2014 special meeting of the Seaside Civic League board.

### B. The Appointments of Cyndi Dorsey, Jim Vossen, Willie Pearson, and Rick Medina to the Seaside Civic League Board

Ms. Clack's position that her dismissal was ineffective rests primarily on the argument that the August 11, 2014 special meeting of the Seaside Civic League board was improperly called.

---

[7] Additionally, the court finds the testimony of several of Ms. Clack's witnesses at the evidentiary hearing largely irrelevant. What little relevant testimony was presented the court finds unpersuasive.

Clack Brief, at 2. Because that meeting saw the sitting of several new directors on the board, it set the stage for a differently-composed board to hire Mr. Glenn at the regular meeting which followed on August 21, 2014. *See* Dkt. No. 67, Ex. 5, at ECF p. 26.

The Seaside Civic League bylaws require that special meetings be called by three directors or the president. Seaside Civic League bylaws, Art. V, § 3. The August 11, 2014 special meeting in question was called on August 7, 2014 by Monica Mapp, Wayne Dalton, and Cyndi Dorsey. Dkt. No. 67, Ex. 2, at ECF p. 2. Ms. Clack contends that of the three individuals who called the special meeting on August 7, 2014, only two—Monica Mapp and Wayne Dalton—were properly seated directors.[8] Clack Brief, at 3. According to Ms. Clack, Cyndi Dorsey "had not been formally and properly qualified by the SCL Board of Directors," and so "was not a validly seated board member for purposes of calling a meeting on August 7, 2014." *Id*. at 3. Ms. Clack concludes because the special meeting call was not made in compliance with the bylaws, actions taken at and subsequent to that meeting constitute invalid corporate acts. *Id*. at 3–4.

As discussed above, the member organizations may remove and appoint their designated director without the consent of the sitting board. Ms. Dorsey was appointed in writing by the Seaside Kiwanis Club on June 24, 2014. Dkt. No. 67, Ex. 4, at ECF p. 22. According to testimony at the evidentiary hearing, Ms. Dorsey attempted to sit on the Seaside Civic League board at the regular meeting in June, but was blocked by the existing directors. However, she apparently succeeded at the next regular meeting in July. The court therefore finds that as she was appointed in writing by the Seaside Kiwanis Club as required under the bylaws, and was seated at the regular board meeting in July, Ms. Dorsey was a validly seated board member at the time of the call of the August 11, 2014 on August 7, 2014.

---

[8] Ms. Clack also contends that insufficient notice of the special meeting was provided to existing board members. Clack Brief, at 4. However, the standard she cites, which requires notice be given at least 10 and no more than 90 days prior to the meeting, applies only "[w]henever *members* are required or permitted to take any action at a meeting." Cal. Corp. Code § 5511(a). Because there is no suggestion that the member organizations were required or permitted to take action at the August 11, 2014 special meeting, § 5211(a)(2) applies. Under § 5211(a)(2), notice of a special meeting must be given 48 hours or 4 days in advance, depending on the form of notice. Cal. Corp. Code § 5211(a)(2). Here, notice was personally delivered four days in advance to each existing board member, at the direction of board secretary Monica Mapp. *See* Glenn Brief, at 2; *see also* Declaration of James A. Vossen, Dkt No. 67, Ex. 2; Declaration of Richard Glenn, Dkt. No. 67, Ex. 3. The court finds such notice sufficient under § 5211(a)(2).

Although Ms. Clack does not challenge the right of Ms. Mapp to call the special meeting,[9] Mr. Glenn has presented evidence that the Seaside Chamber of Commerce appointed Jim Vossen to replace her on April 3, 2014. Dkt. No. 67, Ex. 4, at ECF p. 15. If Mr. Vossen had replaced Ms. Mapp prior to the call of the August 11, 2014 meeting, he should have called the meeting along with Ms. Dorsey and Mr. Dalton, not Ms. Mapp.

However, the court finds the appointment of Mr. Vossen distinguishable from that of Ms. Dorsey, and concludes that the August 11, 2014 was properly called. Unlike Ms. Dorsey's replacement of Mr. Wood as the Seaside Kiwanis Club's representative on the board, Mr. Vossen apparently was not seated on the board until the August 11, 2014 meeting itself. At the evidentiary hearing, Mr. Glenn represented that Mr. Vossen's designating organization, the Seaside Chamber of Commerce, decided not to have Mr. Vossen sit on the board despite his appointment as a means of keeping the peace at a time of turmoil for the Seaside Civic League and DMM. Ms. Clack contested this, asserting that Mr. Vossen had "proselytized" for months that he should be accepted as a board member. However, Ms. Clack apparently does not dispute that Mr. Vossen was not officially seated as a board member at a Seaside Civic League board meeting and his appointment noted in the minutes until the August 11, 2014 meeting.

Although the court does not go so far as to find that an appointment could only be effective when a designated director is received at a board meeting, seated, and his appointment noted in the minutes, under the circumstances it would make no sense to find that it should have been Mr. Vossen, and not Ms. Mapp, who called the meeting with the two other directors. The law favors substance over form. Cal. Civil Code § 3528. At the point the August 11, 2014 meeting was called, the other directors may have been aware that Mr. Vossen had been appointed back in April, but Ms. Mapp continued to serve on the board for several months. The court finds that the acquiescence of both the Seaside Chamber of Commerce and Mr. Vossen to Ms. Mapp's continued service in the intervening months between Mr. Vossen's appointment and the call of the August 11, 2014 meeting

---

[9] In fact, Ms. Clack concedes that Ms. Mapp was a sitting director at the time of the call of the special meeting. See Clack Brief, at 3 ("On August 7, Mapp and Dalton were both properly seated board members.").

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW EDB
- 11 -

was sufficient to render his appointment ineffective until he finally did take his seat and have his appointment recorded at the August 11 meeting.[10]

Accordingly, the court finds that the August 11, 2014 meeting was properly called. Because Ms. Clack has failed to show any legitimate defect in the call of the August 11, 2014 meeting, or in the appointment of new directors to the Seaside Civic League board, the court also finds that in light of her dismissal by the Seaside Civic League and DMM, she no longer has authority to prosecute this lawsuit on their behalf.

### III.  ORDER

For the foregoing reasons, the court recognizes and accepts the dismissal of this case pursuant to plaintiffs' notice of voluntary dismissal.

Dated: October 15, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[10] The court also notes that ultimately the member organizations have full control over the appointment of their representatives to the Seaside Civic League board. While the bylaws require a writing, they do not specify the process. Permitting the designating organization discretion over the appointment process is consistent with the statutory scheme granting such organizations full control to designate and remove representatives.

ORDER RE: EVIDENTIARY HEARING
Case No. C-14-1823-RMW
EDB
- 12 -